**DOAR RIECK KALEY & MACK**

ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
WALTER MACK

OF COUNSEL
----
JOHN JACOB RIECK, JR.
JOHN F. KALEY
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

October 28, 2022

**By ECF and E-mail**
Hon. Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Corey Mobley*, Docket No. 19 Cr. 221 (RJD)

Dear Judge Dearie:

I write as Criminal Justice Act counsel for defendant Corey Mobley. Although I do not believe the Government disagrees with the need to resentence Mr. Mobley in light of the Department of Justice's determination not to defend the United States's charging of Count Three in the Indictment, we have not been able to come to an agreement to address the Court on this subject within the fourteen days required under Federal Rule 35(a), (c) to correct a sentence.

Although I do believe the Government does consent to vacating Mr. Mobley's conviction, it would not necessarily agree that Rule 35(a) is the right mechanism to do so.

However, I do move under Rule 35(a), (c) that the Court correct the sentence pronounced against Mr. Mobley on October 14, 2022 and that it be corrected to reflect that the Department of Justice no longer will defend Count Three, the Queens Attempted Robbery 924(c) mandatory minimum brandishing count charged against my client Mr. Mobley and upon which mix of counts provided the basis for Your Honor's sentence.

The basis for the motion herein under Rule 35(a) of Fed. R. Crim. Pro. is that the "court may correct a sentence that resulted in arithmetical, technical or other clear error."

My understanding is that the Department of Justice has determined that as a result of the Supreme Court's decision in *United States v. Taylor*, 142 S.Ct. 2015 (June 21, 2022) that it will not support or defend 18 U.S.C. 924(c) counts which are predicated upon attempted Hobbs Act predicates and that was the reasoning underlying the dismissal letter from the prosecutors in this criminal case for the then yet un-sentenced defendants.

The Government has expressed to me that it will consent to vacating Mr. Mobley's conviction as it stands but likely has differing views on the proper method of doing so. I do think we are in agreement that the Department of Justice's determination on this subject matter, on the record as it stands regarding my client, will be the subject of further legal proceedings on direct appeal or in §2255, Title 28, application if it is not corrected now by this Court.

As the defense contends, Count Three is charged inconsistently with current, clear law and will not be defended by DOJ in subsequent proceedings certain to be undertaken by defendant Mobley in the future. His sentence, orally communicated on October 14th, we submit should be corrected promptly as the most efficient and reasonable way to ascertain this Court's judgment on sentence, the Court most knowledgeable about the circumstances concerning this defendant, *United States v. Abreu-Cabrera*, 64 F.3d 67, 72 (2d Cir. 1995); *United States v. Donoso*, 521 F.3d 144 (2d Cir. 2008); *United States v. Akhavan* 2021 U.S. Dist. Lexis 163873, 2001 WL 3862123 (2d Cir. August 20, 2021); Footnotes 1-3.

Accordingly, defendant Mobley asks that he be promptly resentenced after dismissal of Count Three and upon the counts remaining in the indictment against him after his Presentence Report is updated. We submit that the result would still result in more than adequate scope to permit the Court to sentence under the provisions of §3553 of Title 18.

Thank you for your consideration.

Respectfully submitted,

Walter Mack

cc: AUSA Siegel
    AUSA Gibaldi
    SUSPO Houlton